## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-394, 23-568 _____   _____ Caption [use short title] _____

**Motion for:** Plaintiffs-Appellants' Unopposed Motion to Consolidate

Appeals and Remove No. 23-394 From the Expedited

Appeals Calendar

Set forth below precise, complete statement of relief sought:

1. Consolidation of Nos. 23-394 and 23-568 for all purposes

2. Removal of No. 23-394 from the Expedited Appeals

Calendar

_____

_____

_____

_____

**Pujol Moreira v. Societe Generale, S.A.**

**MOVING PARTY:** Plaintiffs-Appellants _____   **OPPOSING PARTY:** None _____

☐ Plaintiff          ☐ Defendant

☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Dwayne A. Robinson _____   **OPPOSING ATTORNEY:** None _____

[name of attorney, with firm, address, phone number and e-mail]

Kozyak Tropin & Throckmorton LLP _____

2525 Ponce de Leon Blvd., 9th Floor, Miami, FL 33134 _____

(305) 372-1800; drobinson@kttlaw.com _____

Court- Judge/ Agency appealed from: S.D.N.Y. (Jesse L. Furman, J.) _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____
_____

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☑ No   ☐ Don't Know

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____
_____
_____
_____
_____

**Signature of Moving Attorney:**

/s/ Dwayne A. Robinson _____   **Date:** April 17, 2023 ____   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

JUAN B. PUJOL MOREIRA, in his
personal capacity and as Personal
Representative and Administrator of the
ESTATE OF NIEVES PUJOL, a/k/a
NIEVES MOREIRA MARTINEZ,
MARIA JULIA PUJOL MOREIRA,
INÉS MARIA PUJOL FAGET,
as Personal Representative and
Executor of the ESTATE OF
ARCADIO JOAQUIN PUJOL
IZQUIERDO, SARA L. PUJOL, as
Personal Representative and
Administrator of the ESTATE OF
LAUREANO PUJOL ROJAS, LUIS R.
PUJOL ROJAS, ANA H. FRAGA,
LORENZO PÉREZ PUJOL,
FRANCISCO PUJOL MENESES,
PILAR M. PUJOL MENESES, and
RAÚL PUJOL MENESES,

        Plaintiffs-Appellants,

        v.

SOCIÉTÉ GÉNÉRALE, S.A. and BNP
PARIBAS, S.A.,

        Defendants-Appellees.

No. 23-394

<table>
<tr>
<td>

JUAN B. PUJOL MOREIRA, as
Personal Representative and
Administrator of the ESTATE OF
NIEVES PUJOL, a/k/a NIEVES
MOREIRA MARTINEZ,

      Plaintiff-Appellant,

v.

SOCIÉTÉ GÉNÉRALE, S.A. and BNP
PARIBAS, S.A.,

      Defendants-Appellees.

</td>
<td>

No. 23-568

</td>
</tr>
</table>

## PLAINTIFFS-APPELLANTS' UNOPPOSED
## MOTION TO CONSOLIDATE APPEALS AND REMOVE
## NO. 23-394 FROM THE EXPEDITED APPEALS CALENDAR

Plaintiffs-Appellants ("Plaintiffs") respectfully move the Court for an order

(1) consolidating *Pujol Moreira et al. v. Société Générale, S.A., et al.*, No. 23-394,

and *Pujol Moreira v. Société Générale, S.A., et al.*, No. 23-568, for all purposes; and

(2) removing No. 23-394 from the Expedited Appeals Calendar. Defendants-

Appellees Société Générale, S.A. ("SocGen") and BNP Paribas, S.A. ("Paribas")

(collectively, "Defendants") do not oppose the relief Plaintiffs seek.

## BACKGROUND

1.     These two appeals arise from cases brought in the United States District

Court for the Southern District of New York alleging violations of Title III of the

Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, 22 U.S.C. § 6021, *et seq.*, commonly known as the Helms-Burton Act, which creates a private cause of action against those who "traffic" in assets that were confiscated by the Cuban government. Congress granted the President the power to suspend the private right of action created by Title III if he "determines . . . that suspension is necessary to the national interests of the United States and will expedite a transition to democracy in Cuba." 22 U.S.C. § 6085(b). Until May 2019, every President exercised that power until President Trump lifted the suspension, allowing Title III claims to proceed for the first time.

2.      Plaintiffs in these cases allege that they are U.S. citizens (or the estates thereof) who inherited interests in Banco Pujol, a bank that was seized by the Cuban state-controlled bank Banco National de Cuba ("BNC") in 1960.

3.      Plaintiffs allege that BNC continues to possess, manage, and use the property it confiscated from Banco Pujol's rightful owners, and that for the past two decades SocGen and Paribas, both multinational banks, have earned profits by participating in BNC's exploitation of that property. Plaintiffs further allege that SocGen's and Paribas's conduct constitutes trafficking in confiscated property in violation of the Helms-Burton Act.

4. Plaintiffs Juan B. Pujol Moreira, in his personal capacity and as Personal Representative and Administrator of the Estate of Nieves Pujol, a/k/a Nieves Moreira Martinez; Maria Julia Pujol Moreira; Inés Maria Pujol Faget, as Personal Representative and Executor of the Estate of Arcadio Joaquin Pujol Izquierdo; Sara L. Pujol, as Personal Representative and Administrator of the Estate of Laureano Pujol Rojas; Luis R. Pujol Rojas; Ana H. Fraga; Lorenzo Pérez Pujol; Francisco Pujol Meneses; Pilar M. Pujol Meneses; and Raúl Pujol Meneses filed a complaint in *Juan B. Pujol Moreira et al. v. Société Générale, S.A., et al.*, No. 20-cv-9380-JMF (S.D.N.Y.) ("*Pujol I*").

5. Plaintiff Juan B. Pujol Moreira, as Personal Representative and Administrator of the Estate of Nieves Pujol, a/k/a Nieves Moreira Martinez, initiated the action *Juan B. Pujol Moreira v. Société Générale, S.A., et al.*, No. 21-cv-2283-JMF (S.D.N.Y.) ("*Pujol II*").

6. Because *Pujol I* and *Pujol II* rest on the same alleged legal and factual basis, Plaintiffs moved for the district court to consolidate the two cases, which Defendants did not oppose.

7. On March 23, 2021, the district court (Jesse L. Furman, *J.*) granted Plaintiffs' motion to consolidate *Pujol I* and *Pujol II*. The district court held that the cases "involve common questions of law and fact," adopted the parties' joint

proposal to consolidate the cases pursuant to Federal Rule of Civil Procedure 42(a)(2), and stayed all proceedings in *Pujol II*. *See Pujol I*, ECF No. 45 at 2 (attached as Exhibit A). The district court stated that "[a]fter a decision on the motion to dismiss [Plaintiffs' amended complaint] in *Pujol I*, the parties will meet and confer in good faith regarding the most sensible way to move forward in *Pujol II* in light of the Court's decision." *Id.*

8.    On November 24, 2021, the district court issued an opinion and order granting Defendants' motion to dismiss Plaintiffs' amended complaint in *Pujol I*, with leave to amend. *Pujol Moreira v. Société Générale, S.A.*, 572 F. Supp. 3d 921 (S.D.N.Y. 2021).

9.    On December 30, 2021, the parties submitted a joint application (a) to stay the deadline for Defendants to answer or file a motion to dismiss the amended complaint in *Pujol II* through and including the date of a decision on the motion to dismiss the second amended complaint in *Pujol I*; and (b) for an order directing that "[w]ithin 10 business days after a decision on the motion to dismiss in *Pujol I*, the Parties will meet and confer in good faith regarding the most sensible way to move forward in *Pujol II* in light of the Court's decision." *Pujol I*, ECF No. 63 at 1. The district court subsequently granted the parties' December 30, 2021 joint application. *See Pujol I*, ECF No. 64 at 2.

10.    On February 4, 2022, Plaintiffs filed a second amended complaint in *Pujol I* and an amended complaint in *Pujol II*.

11.    In January and February 2023, the district court issued a pair of orders in *Pujol I* dismissing Plaintiffs' second amended complaint with prejudice. *See Pujol Moreira v. Société Générale, S.A.*, 2023 WL 359446 (S.D.N.Y. Jan. 23, 2023) (dismissing claims against SocGen); *Pujol Moreira v. Société Générale, S.A.*, 2023 WL 2051169 (S.D.N.Y. Feb. 16, 2023) (dismissing claims against Paribas).

12.    On March 15, 2023, following the district court's dismissal with prejudice in *Pujol I*, the district court adopted the parties' proposed stipulation and order dismissing with prejudice the operative amended complaint in *Pujol II* "[f]or the reasons stated" in the district court's orders dismissing the second amended complaint with prejudice in *Pujol I*. *See Pujol II*, ECF No. 40 at 4 (attached as Exhibit B). The parties further stipulated, and the district court so-ordered:

(a)    "For avoidance of doubt, Defendants are deemed to have raised in *Pujol II* all arguments stated in their papers (or otherwise) in support of their motion to dismiss the [amended complaint] and motion to dismiss the [second amended complaint] in *Pujol I*. And Plaintiffs are deemed to have raised in *Pujol II* all arguments stated in their papers (or otherwise) in opposition to the motions

to dismiss the [amended complaint] and the [second amended complaint] in *Pujol I*." *Id.*

(b) "For avoidance of doubt, Plaintiffs respectfully contend that neither *Pujol I* nor *Pujol II* is properly dismissed on the grounds the Court gave in *Pujol I*. If those grounds are incorrect, dismissal here must be in error as well. But Plaintiffs recognize that the Court has ruled, and that the grounds this Court asserted for dismissing the *Pujol I* action apply with equal force to the [amended complaint] in *Pujol II* as well." *Id.*

(c) "Plaintiffs retain all rights to appeal any final decision in the *Pujol I* and *Pujol II* actions. Because the Court's grounds for dismissal would apply equally in *Pujol I* and *Pujol II*, Plaintiffs will ask the Second Circuit to consolidate any appeals from the *Pujol I* and *Pujol II* actions. Defendants agree not to oppose such a request." *Id.*

13. On March 20, 2023, Plaintiffs appealed from the district court's judgment in *Pujol I*, which is before this Court in *Pujol Moreira et al. v. Société Générale, S.A., et al.*, No. 23-394.

14. On April 10, 2023, the Court placed No. 23-394 on the Expedited Appeals Calendar pursuant to Local Rule 31.2(b). Plaintiffs' brief is currently due on May 15, 2023. Defendants' briefs are currently due June 20, 2023, or 35 days from the date of Plaintiffs' brief, whichever date is sooner.

15. On April 13, 2023, Plaintiff Juan B. Pujol Moreira, as Personal Representative and Administrator of the Estate of Nieves Pujol, a/k/a Nieves Moreira Martinez, appealed from the district court's dismissal with prejudice in *Pujol II*, which is before this Court in *Pujol Moreira v. Société Générale, S.A., et al.*, No. 23-568.

## ARGUMENT

### A. The Court Should Consolidate Nos. 23-394 and 23-568

16. The Court should consolidate Nos. 23-394 and 23-568 for all purposes pursuant to Federal Rule of Appellate Procedure 3(b)(2). *See* Fed. R. App. P. 3(b)(2) ("When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."). "'[I]n assessing whether consolidation is appropriate in given circumstances,' a court 'should consider both equity and judicial economy.'" *Chem One, Ltd. v. M/V RICKMERS GENOA*, 660 F.3d 626, 642 (2d Cir. 2011) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

17.    Equity and judicial economy would be served by consolidating Plaintiffs' appeals from the district court's dismissals in *Pujol I* and *Pujol II*. The two cases were consolidated below based on the district court's finding that they "involve common questions of law and fact." Ex. A at 2. As noted, in the stipulation and order dismissing *Pujol II*, the parties stipulated, and the district court so-ordered, among other things, that "the claims asserted in *Pujol II* rest on the same alleged legal and factual basis as those asserted in *Pujol I*." Ex. B at 2. And "[b]ecause the [district court's] grounds for dismissal would apply equally in *Pujol I* and *Pujol II*," the parties stipulated that "Plaintiffs will ask the Second Circuit to consolidate any appeals from the *Pujol I* and *Pujol II* actions[,]" a request that "Defendants agree[d] not to oppose" and do not oppose here. *Id.* at 4.

18.    The common issues presented in these appeals, which Plaintiffs identified in their Civil Appeal Pre-Argument Statements (Form C), include:

    (a)    Whether Plaintiffs' claims against SocGen and Paribas for trafficking in Plaintiffs' confiscated property in violation of Title III of the Helms-Burton Act are time-barred by Section 6084 of that Act, which provides that an action for trafficking "may not be brought more than 2 years after the trafficking giving rise to the action has ceased to occur." 22 U.S.C. § 6084.

(b)     Whether the district court had personal jurisdiction over SocGen and Paribas.

19.     Consolidation is also appropriate because an additional Helms-Burton Act case against SocGen and Paribas with similar issues and facts as *Pujol I* and *Pujol II* was dismissed with prejudice by Judge Mary Kay Vyskocil on March 30, 2023. *See Sucesores de Don Carlos Nuñez y Doña Pura Galvez, Inc. v. Société Générale, S.A.*, 2023 WL 2712505 (S.D.N.Y. Mar. 30, 2023). Plaintiffs' counsel in these appeals also represent the plaintiffs in *Sucesores* and are presently considering appealing *Sucesores* to this Court. Should an appeal be brought in *Sucesores*, consolidation of that case with the *Pujol* appeals may be sought.

**B.     The Court Should Remove No. 23-394 From The Expedited Appeals Calendar**

20.     In addition to consolidating Nos. 23-394 and 23-568, the Court should remove No. 23-394 from the Expedited Appeals Calendar ("XAC") so the cases can be briefed together on a regular briefing schedule. Local Rule 31.2(b)(2) provides: "Promptly after [the parties are notified of placement of an appeal on the XAC], any party, for good cause shown, may move to remove the case from the XAC." This Court notified the parties of No. 23-394's placement on the XAC on April 10, 2023.

21.　Both Plaintiffs and Defendants support removing these matters from the XAC.

22.　Good cause exists to remove No. 23-394 from the XAC. As the district court noted below, "[t]his case is among first brought in [the Southern District of New York] under the [Helms-Burton Act] . . . ." *Pujol*, 573 F. Supp. 3d at 923. And these appeals appear to be the first to reach this Court since President Trump lifted the suspension of the Helms-Burton Act's private right of action in May 2019. These appeals therefore present several issues under the Helms-Burton Act that have not been previously considered by this Court.

23.　Removal of No. 23-394 from the XAC will also facilitate any request to consolidate *Sucesores* with these appeals. Should Plaintiffs' counsel appeal *Sucesores* and seek consolidation of that case with the *Pujol* appeals, removal of No. 23-394 from the XAC would ensure that *Sucesores* could be briefed together with the *Pujol* appeals. The notice of appeal in *Sucesores* is due on May 1, 2023. However, should No. 23-394 remain on the XAC, Plaintiffs' brief would be due May 15, 2023, making the briefing of *Sucesores* together with *Pujol* difficult.

24.　Consequently, allowing the parties to brief the *Pujol* appeals on a regular briefing schedule pursuant to Local Rule 31.2(a)(1) will permit a more

fulsome and comprehensive presentation of the issues under the Helms-Burton Act presented by these appeals.

## CONCLUSION

For the foregoing reasons, the Court should (1) consolidate Nos. 23-394 and 23-568 for all purposes, and (2) remove No. 23-394 from the Expedited Appeals Calendar. Defendants do not oppose the relief Plaintiffs seek in this motion.

Dated: April 17, 2023

Respectfully submitted,

*/s/ Dwayne A. Robinson*
DWAYNE A. ROBINSON
BENJAMIN J. WIDLANSKI
ERIC S. KAY
KOZYAK TROPIN &
  THROCKMORTON LLP
2525 Ponce de Leon Blvd.,
  9th Floor
Miami, FL 33134
(305) 372-1800
drobinson@kttlaw.com

*Counsel for Plaintiffs-Appellants*

EXHIBIT A

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2508
cboccuzzi@cgsh.com

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

March 22, 2021

**BY CM/ECF**

Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:    *Juan B. Pujol Moreira*, et al. *v. Société Générale, S.A.*, et al., No. 20-cv-9380-JMF ("*Pujol I*")
> *Juan B. Pujol Moreira v. Société Générale, S.A.*, et al., No. 21-cv-2283-JMF ("*Pujol II*")

Dear Judge Furman,

This firm represents defendant BNP Paribas ("BNPP") in the above-referenced actions. On behalf of BNPP and defendant Société Générale, S.A. ("SG," together "Defendants"), we write pursuant to the Court's Order in *Pujol I* dated March 17, 2021 (ECF No. 39-9380). [1]

Defendants do not intend to oppose Plaintiffs' motion to consolidate the above referenced actions, reserving all rights, defenses, and grounds for dismissal with respect to the amended complaint in *Pujol I* and the complaint in *Pujol II*, including without limitation those grounds set forth in Defendants' motion to dismiss filed March 19, 2021 (ECF No. 40-9380) in *Pujol I*.

In addition, to avoid any dispute as to the propriety or adequacy of service on Defendants of the *Pujol II* complaint, the parties have agreed, subject to approval of the Court, to the following:

1.   Defendants accept service of the complaint (ECF No. 11-2283) in *Pujol II*;

---

[1] Docket entries in *Pujol I* are cited as "-9380." Docket entries in the case *Pujol II* are cited as "-2283."

Honorable Jesse M. Furman, p. 2

2.  After the cases are consolidated, the deadline for Defendants to answer or file a motion to dismiss the complaint filed in *Pujol II* (ECF No. 11-2283) will be stayed through and including the date of a decision on the motion to dismiss in *Pujol I* (ECF No. 40-9380);

3.  After a decision on the motion to dismiss in *Pujol I*, the parties will meet and confer in good faith regarding the most sensible way to move forward in *Pujol II* in light of the Court's decision.

The parties respectfully request the Court grant the relief requested by this letter-motion.

Respectfully Submitted,

*/s/ Carmine D. Boccuzzi, Jr.*

Carmine D. Boccuzzi, Jr.

cc: Counsel of Record

The parties' proposal is ADOPTED and the motion to stay deadlines in 21-CV-2283 is GRANTED.  As the above-captioned actions involve common questions of law and fact and the parties agree that consolidation is appropriate, it is hereby ORDERED that pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, they are consolidated under the case number 20-CV-9380.  Future filings should be in 20-CV-9380 alone.

The Clerk of Court is directed to terminate 20-CV-9380, ECF No. 44. The Clerk is further directed to consolidate 20-CV-9380 and 21-CV-2283 under case number 20-CV-9380, and to close 21-CV-2283. SO ORDERED.

March 23, 2021

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN B. PUJOL MOREIRA, in his personal capacity, and as Personal Representative and Administrator of the ESTATE OF NIEVES PUJOL, a/k/a NIEVES MOREIRA MARTINEZ, MARIA JULIA PUJOL MOREIRA, INÉS MARIA PUJOL FAGET, as Personal Representative and Executor of the ESTATE OF ARCADIO JOAQUIN PUJOL IZQUIERDO, SARA L. PUJOL, as Personal Representative and Administrator of the ESTATE OF LAUREANO PUJOL ROJAS, LUIS R. PUJOL ROJAS, ANA H. FRAGA, LORENZO PÉREZ PUJOL, FRANCISCO PUJOL MENESES, PILAR M. PUJOL MENESES, and RAÚL PUJOL MENESES,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIÉTÉ GÉNÉRALE, S.A. and BNP PARIBAS, S.A.,<br><br>Defendants. | Civil Action No. 1:20-cv-9380-JMF-SN |
| JUAN B. PUJOL MOREIRA, as Personal Representative and Administrator of the ESTATE OF NIEVES PUJOL, a/k/a NIEVES MOREIRA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>SOCIÉTÉ GÉNÉRALE, S.A. and BNP PARIBAS, S.A.,<br><br>Defendants. | Civil Action No. 1:21-cv-2283-JMF-SN |

## STIPULATION AND [PROPOSED] ORDER

Plaintiffs Juan B. Pujol Moreira, in his personal capacity and as Personal Representative and Administrator of the Estate of Nieves Pujol, a/k/a Nieves Moreira Martinez; Maria Julia Pujol Moreira; Inés Maria Pujol Faget, as Personal Representative and Executor of the Estate of Arcadio Joaquin Pujol Izquierdo; Sara L. Pujol, as Personal Representative and Administrator of the Estate of Laureano Pujol Rojas; Luis R. Pujol Rojas; Ana H. Fraga; Lorenzo Pérez Pujol; Francisco Pujol Meneses; Pilar M. Pujol Meneses; and Raúl Pujol Meneses (collectively, "Plaintiffs"), and Defendants Société Générale ("SG") and BNP Paribas ("BNPP") (collectively, "Defendants" and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on November 9, 2020, Plaintiffs filed in this Court the action *Juan B. Pujol Moreira et al. v. Société Générale, S.A., et al.*, No. 20-cv-9380-JMF ("*Pujol I*").

WHEREAS, on February 26, 2021, Plaintiffs filed an Amended Complaint ("AC") in *Pujol I*.

WHEREAS, on March 16, 2021, Juan B. Pujol Moreira, as Personal Representative and Administrator of the Estate of Nieves Pujol, a/k/a Nieves Moreira Martinez, filed in this Court the action *Juan B. Pujol Moreira v. Société Générale, S.A., et al.*, No. 21-cv-2283-JMF ("*Pujol II*").

WHEREAS, the claims asserted in *Pujol II* rest on the same alleged legal and factual basis as those asserted in *Pujol I*.

WHEREAS, on March 16, 2021, Plaintiffs moved to consolidate *Pujol I* and *Pujol II*.

WHEREAS, on March 23, 2021, the Court granted Plaintiffs' motion to consolidate the *Pujol I* and *Pujol II* actions.

**WHEREAS,** the Court's March 23, 2021 order consolidating the *Pujol I* and *Pujol II* actions states that "[a]fter a decision on the motion to dismiss in *Pujol I*, the parties will meet and confer in good faith regarding the most sensible way to move forward in *Pujol II* in light of the Court's decision."

**WHEREAS,** on November 24, 2021, the Court issued an Opinion and Order granting Defendants' motion to dismiss the AC in *Pujol I*, with leave to amend.

**WHEREAS,** on December 30, 2021, the Parties submitted a joint application, (a) to stay the deadline for Defendants to answer or file a motion to dismiss the AC in *Pujol II* through and including the date of a decision on the motion to dismiss the Second Amended Complaint ("SAC") in *Pujol I*, and (b) for an order directing that "[w]ithin 10 business days after a decision on the motion to dismiss in *Pujol I,* the Parties will meet and confer in good faith regarding the most sensible way to move forward in *Pujol II* in light of the Court's decision."

**WHEREAS,** on January 3, 2022, the Court granted the Parties' December 30, 2021 joint application.

**WHEREAS,** on February 4, 2022, Plaintiffs filed a SAC in *Pujol I.*

**WHEREAS,** on February 4, 2022, Plaintiffs filed an AC in *Pujol II.*

**WHEREAS,** on January 23, 2023, the Court issued an Opinion and Order granting Defendants' motion to dismiss the SAC in *Pujol I* with respect to Plaintiffs' claims against SG, and declined to grant Plaintiffs another opportunity to amend.

**WHEREAS,** on February 16, 2023, the Court issued a Memorandum Opinion and Order granting Defendants' motion to dismiss the SAC in *Pujol I* with respect to Plaintiffs' claims against BNPP, and declined to grant Plaintiffs another opportunity to amend.

**WHEREAS,** on February 17, 2023, the Clerk of Court entered final judgment in *Pujol I.*

**WHEREAS,** Plaintiffs have expressly reserved all rights to appeal any final decision in the *Pujol I* and *Pujol II* actions.

**NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:**

1.      For the reasons stated in the Court's January 23, 2023 Opinion and Order and February 16, 2023 Memorandum Opinion and Order in *Pujol I*, the Court dismisses the AC in *Pujol II* with prejudice.

2.      For avoidance of doubt, Defendants are deemed to have raised in *Pujol II* all arguments stated in their papers (or otherwise) in support of their motion to dismiss the AC and motion to dismiss the SAC in *Pujol I*. And Plaintiffs are deemed to have raised in *Pujol II* all arguments stated in their papers (or otherwise) in opposition to the motions to dismiss the AC and the SAC in *Pujol I*.

3.      For avoidance of doubt, Plaintiffs respectfully contend that neither *Pujol I* nor *Pujol II* is properly dismissed on the grounds the Court gave in *Pujol I*.  If those grounds are incorrect, dismissal here must be in error as well.  But Plaintiffs recognize that the Court has ruled, and that the grounds this Court asserted for dismissing the *Pujol I* action apply with equal force to the AC in *Pujol II* as well.

4.      Plaintiffs retain all rights to appeal any final decision in the *Pujol I* and *Pujol II* actions.  Because the Court's grounds for dismissal would apply equally in *Pujol I* and *Pujol II*, Plaintiffs will ask the Second Circuit to consolidate any appeals from the *Pujol I* and *Pujol II* actions.  Defendants agree not to oppose such a request.

Dated: New York, New York
       March 15, 2023


/s/ Steven Wolowitz
Steven Wolowitz
Alex Lakatos
Michelle J. Annunziata
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York  10020
Tel.: (212) 506-2500
swolowitz@mayerbrown.com
alakatos@mayerbrown.com
mannunziata@mayerbrown.com

*Attorneys for Defendant Société Générale*


/s/ Carmine D. Boccuzzi, Jr.
Carmine D. Boccuzzi, Jr.
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, New York  10006
Tel: (212) 225-2508
Fax: (212) 225-3999
cboccuzzi@cgsh.com

*Attorneys for Defendant BNP Paribas*


/s/ Dwayne A. Robinson
Javier A. Lopez
Benjamin J. Widlanski
Dwayne A. Robinson
**KOZYAK TROPIN &
THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida  33134
Tel.: (305) 372-1800
Fax: (305) 372-3508
jal@kttlaw.com
bwidlanski@kttlaw.com
drobinson@kttlaw.com

*Attorneys for Plaintiffs*


SO ORDERED.

This 15 day of March, 2023.

_____

Honorable Jesse M. Furman, United States District Judge